UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

WILDA RIOS, Individually, and as Mother and Natural
Guardian of AMIR RIOS and MAJID RIOS,

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

Plaintiffs,

-against-

17-CV-2840 (LDH)(RER)

THE CITY OF NEW YORK and PRSENTLY UNKNOWN
POLICE OFFICERS OF THE NEW YORK CITY POLICE
DEPARTMENT,

JURY TRIAL DEMANDED

Defendants.
----------------------------------------------------------------------- x

Defendant City of New York, by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1.       Denies the allegations set forth in paragraph "1" of the complaint, except admits that Plaintiffs purport to proceed as stated therein.

2.       Denies the allegations set forth in paragraph "2" of the complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

3.       Denies the allegations set forth in paragraph "3" of the complaint, except admits that Plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein.

4.       Denies the allegations set forth in paragraph "4" of the complaint, except admits that Plaintiffs purport to base venue as stated therein.

5.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.    Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal entity organized under the laws of the State of New York.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.    Denies the allegations set forth in paragraph "8" of the complaint, except admits that Plaintiff Wilda Rios served the City with a document purporting to be a Notice of Claim, that the claim has not been settled or adjusted. Defendant City further admits that Plaintiffs initiated this action by filing a complaint on or about May 10, 2017.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that Plaintiffs Amir and Majid Rios served the City with a document purporting to be a Notice of Claim, that the claims have not been settled or adjusted, and that Plaintiffs initiated this action by filing a complaint on or about May 10, 2017.

10.    Denies the allegations set forth in paragraph "10" of the complaint, except admits that on February 26, 2016,[1] members of the NYPD lawfully executed a search warrant at Plaintiffs' residence located at 1812 Pitkin Avenue, Brooklyn, New York.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.    Denies the allegations set forth in paragraph "12" of the complaint, except admits that members of the NYPD lawfully executed a search warrant at Plaintiffs' residence and

---

[1] Plaintiffs' complaint states that the alleged incident occurred on February 21, 2011; however, other documents provided by Plaintiffs indicate that the date of incident was February 26, 2016. Defendant City is not aware of any incident bearing similarity to the allegations contained herein that occurred on February 21, 2011. As such, Defendant City believes the complaint erroneously listed the incorrect date.

temporarily detained Plaintiff Wilda Rios, but denies knowledge or information sufficient to form a belief as to whether Wilda Rios "wetted herself from fear."

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that the apartment was lawfully entered and searched pursuant to a search warrant.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that the apartment was lawfully searched and that marijuana was recovered therein.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that Plaintiff Wilda Rios was issued a summons and given a date to appear in court.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Paragraph "22" contains conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, Defendant City denies the allegations set forth therein.

23. Paragraph "23" contains conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, Defendant City denies the allegations set forth therein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, Defendant City of New York repeats and realleges the responses set forth in the foregoing paragraphs.

27.     Denies the allegations set forth in paragraph "27" of the complaint.

28.     In response to the allegations set forth in paragraph "28" of the complaint, Defendant City of New York repeats and realleges the responses set forth in the foregoing paragraphs.

29.     Denies the allegations set forth in paragraph "29" of the complaint.

30.     In response to the allegations set forth in paragraph "30" of the complaint, Defendant City of New York repeats and realleges the responses set forth in the foregoing paragraphs.

31.     Denies the allegations set forth in paragraph "31" of the complaint.

32.     In response to the allegations set forth in paragraph "32" of the complaint, Defendant City of New York repeats and realleges the responses set forth in the foregoing paragraphs.

33.     Denies the allegations set forth in paragraph "33" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

34.     The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

35.     Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of Civil Rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

36.     At all times relevant to the acts alleged in the complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  As a result, Defendant City of New York is entitled to governmental immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

37.     Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of a third party, and was not the proximate result of any acts of Defendant City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

38.     To the extent Plaintiffs are alleging state law claims, they may have failed to comply with New York General Municipal Law §§ 50-e, 50-h, and 50-i.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

39.     There was probable cause for the search of Plaintiffs' apartment and for Plaintiff Wilda Rios' arrest and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

40.     Plaintiffs cannot obtain punitive damages as against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

41.     Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** Defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              August 14, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 356-3520

                              By:        /s/
                                 _____
                                   Ariel Lichterman
                                   Assistant Corporation Counsel
                                   Special Federal Litigation Division

cc:     By ECF
        Michael Goldstein, Esq.
        *Attorney for Plaintiffs*
        Dillon Horowitz & Goldstein LLP
        11 Hanover Square – 20th Floor
        New York, NY 10005

17-CV-2840 (LDH)(RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILDA RIOS, Individually, and as Mother and
Natural Guardian of AMIR RIOS and MAJID RIOS,

                                         Plaintiffs,

                      -against-

THE CITY OF NEW YORK and PRSENTLY
UNKNOWN POLICE OFFICERS OF THE NEW
YORK CITY POLICE DEPARTMENT,

                                    Defendants.

---

**ANSWER TO THE COMPLAINT ON BEHALF
OF DEFENDANT CITY OF NEW YORK**

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Ariel Lichterman*
*Tel: (212) 356-3520*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................................. , 2017*

*......................................................................... Esq.*

*Attorney for ..............................................................*