

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **L**AW **D**EPARTMENT | **ZACHARY RUSSELL BERGMAN** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>Phone: (212) 356-5051<br>Fax: (212) 356-3509<br>Email: zbergman@law.nyc.gov |

October 18, 2017

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

    Re: <u>Wilda Rios, et al., v. City of New York, et al.</u>,17 CV 2840 (LDH) (RER)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. Defendant writes, pursuant to Section III (A) of Your Honor's Individual Practices, to respectfully request a pre-motion conference concerning defendant's proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(c) and further request that the Court stay discovery during the pendency of any subsequent dispositive motion practice. Plaintiffs' counsel does not consent to a stay of discovery while motion practice is pending.

   Plaintiffs Wilda Rios and her two infant children bring this action and claim that "[d]efendants' acts and conduct violated plaintiffs' rights under the [sic] 42 U.S.C. § 1983" regarding a purported February 21, 2011 incident.[1, 2] More specifically, plaintiffs allege that

---

[1] As set forth in defendant City's Answer, "Plaintiffs' complaint states that the alleged incident occurred on February 21, 2011; however, other documents provided by Plaintiffs indicate that the date of incident was February 26, 2016. . . [a]s such, Defendant City believes the complaint erroneously listed the incorrect date." (Docket Entry No. 8) If plaintiffs intended bring suit with respect to a February 21, 2011 incident, their claims would be untimely as the complaint was filed on May 10, 2017. New York's three-year statute of limitations for unspecified personal injury actions applies to claims under section 1983. <u>See Pearl v. City of Long Beach</u>, 296 F.3d 76, 79 (2d Cir. 2002). A section 1983 claim accrues, and the statute of limitations begins to run, when the plaintiff knows or has reason to know of the injuries forming the basis of the action. <u>Id.</u> at 80.

[2] Plaintiffs, in their complaint, do not appear to set forth any theories of liability arising under Federal Law. Rather, under the section heading entitled "First Claim," plaintiffs merely cite to 42 U.S.C. § 1983, which is merely a vehicle for bringing claims for purported constitutional rights violations. In turn, "[s]ection 1983 is not a claim by itself." <u>D.P. v. Sch. Dist. of</u>

members of the New York City Police Department ("NYPD") entered plaintiffs' apartment with guns drawn, placed Ms. Rios in handcuffs for approximately fifteen minutes, arrested Ms. Rios, and charged her with marijuana possession. However, as set forth in Ms. Rios's August 2, 2017 50-h hearing, Ms. Rios was not arrested, but rather was "retained in her home with handcuffs" for approximately fifteen minutes and, Ms. Rios stated, in sum and substance, that she was never prosecuted with respect to any of the incidents alleged in the complaint.

Liberally constraining plaintiffs' complaint, plaintiffs have not, and cannot, set forth any viable claims under federal law. Though defendant contends that plaintiffs' complaint is facially invalid, defendant City believes this case should be dismissed on its lack of substantive merit. Accordingly, to the extent plaintiffs intended to set forth federal claims for unlawful entry/search, false arrest, and excessive force, those claims necessarily fail because the search of plaintiffs' apartment was conducted pursuant to a Court Ordered Search Warrant. Therefore, defendant City respectfully contends that plaintiffs' claims should be dismissed with prejudice for the reasons set forth below.

### i. Unlawful Entry/Search Claim

As there was a facially-valid search warrant and plaintiffs have pled no facts which would draw into question the validity of the search warrant, plaintiffs claims for unlawful search should be dismissed.[3] It is well-settled that, in the context of unlawful entry/search claims, "the issuance of a warrant by a neutral judge, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause." Liranzo v. City of N.Y., 11-CV-4434 (RJS), 2012 U.S. Dist. LEXIS 178872 (S.D.N.Y. Dec. 11, 2012). "A plaintiff challenging the validity of a search warrant faces a heavy burden and must demonstrate that 'the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause.'" Smith v. City of N.Y., 04-CV-3286 (TPG), 2010 U.S. Dist. LEXIS 88774 (S.D.N.Y. Aug. 27, 2010) (citing Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993)).

Plaintiffs have set forth no claims contending that NYPD officers lacked permission to enter into plaintiffs' apartment. Rather, the search warrant authorized the entry into, and search of, the apartment and was based on a finding that probable cause existed to believe that illegal drugs and paraphernalia, among other things, were located on the premises. The search warrant further allowed the NYPD to search for drugs on Kevin Rios's person. During her 50-h Hearing, Ms. Rios stated that she is the mother of Kevin Rios, the intended target of the search warrant, and that Kevin Rios had been at her apartment prior to the date in question. As such, plaintiffs have not, and cannot, set forth a claim that officers lacked probable cause to enter into their apartment.

---

Poynette, No. 03-C-310-C (BCB), 2004 U.S. Dist. LEXIS 4903, at **31-32 (W.D. Wis. Mar. 16, 2004) As such, plaintiffs have failed to set forth any actionable federal claims.

[3] "In the context of a motion to dismiss, this Court may consider facts alleged in the complaint, documents attached to the complaint or incorporated by reference, and matters of which courts may take judicial notice." Moore v. City of N.Y., No. 08-CV-2449(RRM) (LB), 2011 U.S. Dist. LEXIS 20370, at *4-5 n.2 (E.D.N.Y. Feb. 28, 2011) (taking judicial notice of a search warrant.).

### ii. False Arrest

Plaintiff Wilda Rios has failed to set forth a viable false arrest claim and the other plaintiffs do not allege any facts that could constitute a false arrest claim. With respect to any purported federal false arrest claim, Wilda Rios does no more than contend that she was handcuffed for approximately 15 minutes while officers executed the aforementioned search warrant. However, "police executing a search warrant are privileged to detain individuals, even to the point of handcuffing them, while the search is carried out." Bancroft v. City of Mount Vernon, 672 F. Supp. 2d 391, 403 (S.D.N.Y. 2009); see also Muehler v. Mena, 544 U.S. 93, 95-102 (2005) (holding that an "officer's authority to detain incident to a search is categorical; it does not depend on the quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure" and "keeping plaintiff in handcuffs for approximately two to three hours during the pendency of a search was permissible.) Here, accordingly, plaintiff's detention was permissible and she was not falsely arrested.

### iii. Excessive Force/Seizure

The infant plaintiffs also appear to contend that they were subjected to excessive force when officers entered their bedroom "with their guns drawn and aimed at the[ir] . . . heads." However, the use of guns in connection with the execution of a search does not constitute a violation of a plaintiff's constitutional right to be free from seizure. Rincon v. City of N.Y., 03 CV 8276 (LAP), 2005 U.S. Dist. LEXIS 4335, at *13 (S.D.N.Y. Mar. 18, 2005); Bolden v. Vill. of Monticello, 344 F. Supp. 2d 407, 419 (S.D.N.Y. 2004) ("In executing a search warrant for drugs, as in this case, it is reasonable for police officers to enter a residence with guns drawn to secure the area and prevent harm to themselves or others"; Pina v. City of Hartford, No. 07-CV-657 (JCH), 2009 U.S. Dist. LEXIS 37218, at **21-24 (D. Conn. Apr. 29, 2009) (finding that "the fact that the officers had their guns drawn and pointed at the plaintiffs is not unreasonable during the execution of a search warrant" where there was evidence that "one of the detectives put the barrel of a gun" in the face of a sleeping child). Here, plaintiffs simply contend that officers entered into a bedroom with guns drawn and aimed at the infant plaintiffs' heads. There is no allegation that the officers otherwise seized the infant plaintiffs or otherwise subjected them to excessive force. As such, to the extent that they exist, plaintiffs' excessive force claims warrant dismissal.

For the foregoing reasons, defendant City respectfully requests that the Court schedule a pre-motion conference in connection with a proposed motion to dismiss.

Thank you for your consideration herein.

Respectfully submitted,

_____/s/_____
Zachary Russell Bergman
*Assistant Corporation Counsel*

cc: **<u>VIA ECF</u>**
Michael Goldstein, Esq.
Dillon Horowitz & Goldstein LLP
*Attorneys for Plaintiffs*
11 Hanover Square- 20th Floor
New York, New York 10005