

```
                                                    II HANOVER SQUARE     T 212 248 4900
                                                    20TH FLOOR            F 212 248 2848
                                                    NEW YORK, NY 10005    dhgattorneys.com

                                                    MICHAEL GOLDSTEIN
                                                    mgoldstein@dhgattorneys.com
```

October 23, 2017

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:        <u>Wilda Rios, et al., v. City of New York, et al.</u>
                  17 CV 2840 (LDH) (RER)

Your Honor:

      I am the attorney for the plaintiffs in this matter and write in response to the defendant City of New York's letter of October 18, 2017.

      Defendant City of New York is correct that the date alleged in the pleading should be February 26, 2016 and not February 21, 2011 and I am hereby asking permission of the Court for leave to file an amended complaint correcting that error.   There is no prejudice to defendant as it has been aware of the correct date from the notice of claim and the 50-H hearing at which they deposed Ms. Rios.

      Plaintiff is opposed to defendant's request to stay discovery during the pendency of a 12 (c) motion that defendant seeks to file.

      First, this issue was discussed before Magistrate Rios and he decided that documentary discovery should be exchanged but depositions would be stayed.

      Second, based on defendant's own submission, it is hard to understand how the defendant is planning to make a 12 (c) motion when it seeks to rely on matters outside of the allegations contained in plaintiffs' complaint.   Specifically, defendant refers to the search warrant and, at multiple points, the testimony of Ms. Rios at her 50-H hearing in support of its proposed motion.

      Third, assuming matters outside the complaint could be considered, the plaintiffs should have the opportunity to do the same and the only way to do so would be through obtaining discovery from the City.   Specifically, plaintiffs have requested that defendant

provide the affidavit underlying the search warrant (which defendant acknowledges would be a relevant piece of evidence and which Magistrate Rios said should be turned over), the search warrant return (which would be evidence of what, if anything, was seized), the property voucher (similar) and all other police documentation regarding the application for and execution of the search of plaintiffs' apartment. This documentation is readily available to the City and involves no issue of privilege.

    Finally, even if this case was in the proper posture for a 12 (c) motion, which we assert it is not, the defendant has not set forth arguments sufficient to support a dismissal. First, as regards the unlawful search issue, the plaintiffs, as noted above, are entitled to review the supporting affidavit. Even if the plaintiffs have a "heavy burden" they still have to have the opportunity to meet that burden. Second, the false arrest claim is clearly alleged by the assertion in the complaint that Ms. Rios was arrested (i.e., not free to leave), held in handcuffs and charged with marijuana possession which plaintiff claims was falsificated. Notably, Ms. Rios who, as the City is aware, was issued a criminal court summons was never prosecuted on the same. Nor has the City produced any evidence that marijuana was taken from the apartment. Finally, it is disingenuous for the City to assert that the allegation that the police pointed guns at the heads of the two infant plaintiffs could not be considered as constituting excessive force.

Respectfully submitted,

DILLON HOROWITZ & GOLDSTEIN LLP

      /s/
Michael Goldstein (4884)

MG:yg

cc.   **VIA ECF**
     Zachary Russell Bergman, Esq.
     City of New York- Law Department
     100 Church Street
     New York, NY 1007