

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY RUSSELL BERGMAN**
*Assistant Corporation Counsel*
Phone: (212) 356-5051
Fax: (212) 356-3509
Email: zbergman@law.nyc.gov

November 2, 2017

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

      Re:  <u>Wilda Rios, et al., v. City of New York, et al.</u>, 17 CV 2840 (LDH) (RER)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. For the reasons set forth below, defendant City respectfully writes to request a stay of discovery until the completion of the pre-motion conference currently scheduled for November 30, 2017, in addition to a stay of discovery during any subsequent motion practice. Plaintiffs did not consent to defendant's prior request for a stay of discovery during the pendency of motion practice.

      By way of background, on October 3, 2017, the parties attended an initial conference before Magistrate Judge Reyes. At that conference, the undersigned indicated defendant's intention to file a fully dispositive emotion in this case. Defendant therefore requested a stay of discovery pending the resolution of any motion practice on the pleadings. Judge Reyes stated, in sum and substance, that any such request would have to be made to Your Honor and then, at the bequest of plaintiffs' counsel, Michael Goldstein, Esq, issued an Order staying depositions, but allowing written discovery to proceed. On October 18, 2017, defendant City filed a letter motion respectfully requesting a pre-motion conference regarding defendant's proposed motion pursuant to Fed. R. Civ. P. 12(c) and a stay of discovery during the pendency of any subsequent dispositive motion practice.[1] (Docket Entry No. 12) On October 23, 2017, plaintiffs responded to defendant's October 18, 2017 letter and requested leave to file an amended complaint. (Docket Entry No. 13) On October 25, 2017, Mr. Goldstein sent the

---

[1] The undersigned, in the October 10, 2017 letter, intended to request a stay of discovery until the conclusion of dispositive motion practice, and now apologizes to the Court for his inartful request which, upon further reflection, only requested a stay of discovery between the pre-motion conference and the subsequent dispositive motion practice. (Docket Entry No. 12)

undersigned copy of Plaintiffs' First Set of Interrogatories and Demand for Documents.[2] Additionally, on October 25, 2017, the Court scheduled a pre-motion conference for November 30, 2017.

The proposed motion is fully dispositive and, if granted, would dispose of this case. So that defendant City does not needlessly expend time and resources responding to potentially unnecessary, burdensome, and/or embarrassing discovery demands, defendant City respectfully asks that the Court stay discovery until after the completion of the pre-motion conference currently scheduled for November 30, 2017, and any subsequent motion practice.

Thank you for your consideration herein.

Respectfully submitted,

_____/s/_____
Zachary Russell Bergman
*Assistant Corporation Counsel*

cc: **VIA ECF**
Michael Goldstein, Esq.
Dillon Horowitz & Goldstein LLP
*Attorneys for Plaintiffs*
11 Hanover Square- 20th Floor
New York, New York 10005

---

[2] Among other things, plaintiffs requested "true and accurate copies of the personnel files of the police officers involved in the application for the search warrant and its execution"; and "a list containing all charges made by civilians against police officers involved in the application for the search warrant and its execution, in instances other than the subject incident including: The identity of the complainant and their attorney, the nature and disposition of the charge, the docket and court of any court action."